<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MIDLANTIC NATIONAL BANK, | |
| Plaintiff, | |
| v. | Civ. No. 91-4179 (CSF) |
| THE VESSEL "CANADIAN STAR," STEPHEN J. PLANCEY, THERESA A. PLANCEY, | **MEMORANDUM OPINION** |
| Defendants. | |

<u>**BROWN, Chief District Judge**</u>

This matter comes before the Court upon the motion of Defendants Stephen J. Plancey and Theresa A. Plancey (the "Planceys") to cancel and discharge a default judgment entered against them [# 29]. PNC Bank, successor-in-interest to judgment lienholder Midlantic National Bank ("Midlantic"), has not opposed the Planceys' motion. The Court has considered the Planceys' submissions without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Court will grant the Planceys' motion.

**I.   BACKGROUND**

On March 16, 1992, Senior United States District Judge Clarkson S. Fisher entered default judgment for Midlantic against the Planceys in the amount of $72,268.30 plus interest. (Fisher Default Order 3/16/92; Plancey Cert. at ¶ 1.) [# 28, 29] Subsequently, on March 17, 1993, the Planceys filed for protection under Chapter 7 of the United States Bankruptcy Code. (Plancey Cert. at ¶ 4.) [# 29] In their bankruptcy filing, the Planceys stated that Midlantic held a secured creditor's

claim of $100,000. (*Id.* at ¶ 5.; Plancey Mot. Br. Ex. C.) Midlantic's claim was secured by a $40,000 lien on a boat the Planceys then owned. (*Id.*) Prior to the Planceys' bankruptcy, Midlantic did not levy or execute on any real property owned by the Planceys. (*Id.* at ¶ 8.) After the Planceys' Chapter 7 bankruptcy filing, the United States Trustee determined that there was no equity available to pay general unsecured creditors, and abandoned any interest in the Planceys' real property or their boat. (*Id.* at ¶ 7.) On July 28, 1993, United States Bankruptcy Judge William H. Gindin entered an order discharging all of the Planceys' dischargeable debt. (Plancey Mot. Br. Ex. E.) Stephen Plancey certifies that Midlantic has never levied or executed upon the Planceys' property in fulfillment of Judge Fisher's March 16, 1992, entry of default judgment. (Plancey Cert. at ¶ 8.) [# 29] Stephen Plancey further certifies that PNC Bank is Midlantic's successor-in-interest. (*Id.* at ¶ 2.)

Almost sixteen years after their debts were discharged by the U.S. Bankruptcy Court, the Planceys now seek to have Midlantic's default judgment against them cancelled pursuant to N.J.S.A. 2A:16-49.1. PNC Bank has not opposed the Planceys' present motion, which the Court will grant.

**II.   DISCUSSION**

The Planceys argue that the default judgment against them should be cancelled pursuant to N.J.S.A. 2A:16-49.1 because neither the U.S. Trustee, nor judgment lienholder Midlantic levied or executed upon the Planceys' property. N.J.S.A. 2A:16-49.1 states in pertinent part:

> At any time after 1 year has elapsed, since a bankrupt was discharged from his debts, pursuant to the acts of Congress relating to bankruptcy, he may apply, upon proof of his discharge, to the court in which a judgment was rendered against him, or to the court of which it has become a judgment by docketing it, or filing a transcript thereof, for an order directing the judgment to be canceled and discharged of record.

The Court's own research indicates that other courts in the District of New Jersey have discharged

judgments pursuant to N.J.S.A. 2A:16-49.1 under circumstances not dissimilar to those presented by the present case.  *See Summit Bank v. Vessel "Harbor Light"*, 260 B.R. 694, 695 (D.N.J. 2001). Stephen A. Plancey has certified that neither Midlantic nor PNC Bank has ever levied upon he and his wife's property to satisfy the judgement lien arising from the March 16, 1992, default judgment. As nearly sixteen years have passed since the U.S. Bankruptcy Court discharged the Planceys' dischargeable debts, and neither judgment lienholder Midlantic nor its successors-in-interest have levied upon the Planceys' property to satisfy the default judgment, this Court concludes that cancellation of the default judgment entered against the Planceys on March 16, 1992, pursuant to N.J.S.A. 2A:16-49.1 is appropriate.

### III.    CONCLUSION

For the foregoing reasons, the Court will GRANT the Planceys' motion [#29]. Pursuant to the terms of N.J.S.A. 2A:16-49.1, the Court will order the Clerk of the Court to cancel and discharge from the record this Court's March 16, 1992, default judgment against the Planceys in the amount of $72,268.30 plus interest.  An appropriate form of order accompanies this memorandum opinion.

Dated: April 2, 2009

                                                  /s/ Garrett E. Brown, Jr.
                                          GARRETT E. BROWN, JR., U.S.D.J.